UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CATHY LEAVITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 2:04CV040 TIA |
| BANK OF CAIRO AND MOBERLY and ) | |
| SANDY WINKLER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court pursuant to a status conference held on July 13, 2005. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On July 13, 2005, the undersigned held a status conference to discuss discovery motions and motions for sanctions filed by the defendants. The undersigned notes that Defendant Winkler filed her Interrogatories and Requests for Production on December 13, 2004. (Def. Memo. in Support of Motion for Sanctions, Exh. D) However, Plaintiff did not answer or object to said requests until February, 2005, more than 30 days after the service of discovery and in the absence of any request for additional time. See Fed. R. Civ. P. 33(b)(3). Review of the answers reveals that many are vague and incomplete. Further, the Plaintiff has waived any objections by failing to comply with the requirements of Rule 33. Therefore, Plaintiff will be directed to answer the Interrogatories specified in Defendant Winkler's letter of March 25, 2005. (Def. Memo. in Support of Motion for Sanctions, Exh. E)

In addition, the undersigned notes that Plaintiff's Complaint contains allegations of emotional distress. The Defendant, Bank of Cairo and Moberly ("BCM") indicates in a reply to Plaintiff's

Response to the Court's Order to Show Cause that in her deposition and Requests for Admissions, Plaintiff refers to several emotional events throughout her history. However, Plaintiff has refused to sign a medical release for all but two of her physicians. The undersigned will direct Plaintiff to sign the necessary releases to allow the Defendants to inquire into her mental health over the past 10 years, from 1995 to present.

With regard to Plaintiff's refusal to answer Defendant Winkler's Interrogatory #14, the undersigned will order her to answer the question as written. In addition, Plaintiff indicated via her attorney that Defendants may inspect the computer at his office. The parties shall determine a mutually agreeable time and analyst for such inspection.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff respond to Defendant Winkler's Interrogatory #14 as written within seven (7) days of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff shall respond to Defendant Winkler's Interrogatories and Requests for Production fully and thoroughly within fourteen (14) days of this Memorandum and Order, as Plaintiff's objections were untimely.

**IT IS FURTHER ORDERED** that Plaintiff shall provide the necessary medical releases to Defendants for the years 1995 to present.

**IT IS FURTHER ORDERED** that the Parties shall determine a mutually agreeable date and analyst for inspection of Plaintiff's computer within fourteen (14) days of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the parties shall file a Second Amended Joint Scheduling Plan within fourteen (14) days of the date of this Memorandum and Order so that the Court may issue a new Case Management Order.

**IT IS FURTHER ORDERED** that Defendants' Motions for Sanctions [Doc. ## 31, 36] are **DENIED.**

**IT IS FINALLY ORDERED** that Defendant Bank of Cairo and Moberly's Motion to Compel [Doc. #37] is **GRANTED.**

                                                      /s/ Terry I. Adelman  
                                       UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of July, 2005.